**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01643-REB

ABDELRAOUF ABDELMEGED,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed June 11, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he is disabled as a result of post traumatic stress disorder, anxiety, depression, hepatitis C, hypertension, and lower back pain. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 18, 2013. At the time of this hearing, plaintiff was 53 years old. He has a high school education and past

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

relevant work experience as an Arabic interpreter and a food service worker. He has not engaged in substantial gainful activity since November 9, 2009, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe physical impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments – most significantly, plaintiff's alleged mental impairments – were found to be not severe. The ALJ found plaintiff had the residual functional capacity to perform light work. Because this determination did not preclude plaintiff's past relevant work as an interpreter and a food service worker as generally performed in the national economy, the ALJ found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

In a series of related arguments, plaintiff alleges that the ALJ erred in assessing the severity and impact of his alleged mental impairments. He also contends that the

ALJ's decision to discredit is subjective complaints is not supported by substantial evidence and that new evidence merits reversal of the disability decision. Finding none of these arguments ultimately meritorious, I affirm.

Plaintiff, an Egyptian-born American citizen, served as an Arabic interpreter for a private contractor working with U.S. military forces in Iraq from February 2008 through November 2009. As a result of his exposure to the trauma of warfare and being treated with hostility both by American forces and local Iraqis, plaintiff claims he suffers from panic attacks and flashbacks, and has trouble with focus and memory. A treating psychiatrist, Dr. Randolph Pock, diagnosed plaintiff with post-traumatic stress disorder and stated that plaintiff was disabled as a result. Moreover, at the administrative hearing, the vocational expert testified that a person who experienced panic attacks and anxiety to the degree plaintiff suggested would not be able to perform either his past relevant work or any other work in the national economy. (Tr. 103-104, 105-106.)

The ALJ considered plaintiff's allegations regarding his mental impairments in detail, but ultimately concluded at step 2 of the sequential evaluation that those impairments did not cause more than minimal limitations in plaintiff's ability to perform the basic mental activities of work and thus were not severe within the meaning of the regulations. (Tr. 29-32.)[2]  *See* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental

---

[2] Plaintiff's implicit suggestion that the ALJ's determination in this regard was informed by the opinion of the state agency psychological consultant is belied by the record. The ALJ specifically noted that Dr. Richard Kasper – who opined that plaintiff's mental impairments were not severe because they were not expected to last for at least 12 months – did not have the benefit of the entire medical record at the time he rendered his opinion, and thus gave that opinion "very limited weight." (Tr. 32; *see also* Tr. 118-128.)

ability to do basic work activities."). Although plaintiff maintains that this finding was erroneous, he acknowledges that any such error ultimately was harmless because the ALJ found other impairments to be severe and thus proceeded to subsequent steps of the sequential analysis. *See Dray v. Astrue*, 353 Fed. Appx. 147, 149 (10th Cir. Nov. 17, 2009).[3]

Instead, plaintiff principally faults the ALJ for failing to afford controlling weight to the opinion of Dr. Pock. (Tr. 348-355, 351-353.) The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

That standard is satisfied on the record before me. The ALJ gave Dr. Pock's opinion "limited weight" because he found it conclusory and unsupported by objective

---

[3] At step 2, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. *Dray*, 353 Fed. Appx. at 149. "Thus, step two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" *Id.* (quoting *Bowen*, 107 S.Ct. at 2298 (O'Connor, J., concurring)). Because the conclusion that a claimant has at least one severe impairment requires the ALJ to proceed to the next step of the sequential evaluation, "the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe." *Id.*

findings or treatment records.[4] (*See* Tr. 31.) Plaintiff suggests that Dr. Pock was not required to provide treatment records, relying on a "Fact Sheet" published by the Social Security Administration which permits mental health professionals to "prepare a special report detailing the critical current and longitudinal aspects of your patient's treatment and their functional status" as an alternative to providing medical records and session notes. (*See* Social Security Administration, Medical/Professional Relations, ***Fact Sheet for Mental Health Care Professionals: Supporting Individuals' Social Security Disability Claims*** (available at http://ssa.gov/disability/professionals/mentalhealthproffacts.htm#footnote6) (last accessed August 26, 2015).[5]

There are several problems with this argument. First, plaintiff offers nothing to suggest to what, if any, extent these instructions cabin the ALJ's consideration of the evidence. Given their apparent conflict with well-established regulations regarding the supportability of medical source opinions, the court is dubious that the Fact Sheet usurps the general principle that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Moreover, nothing in the record indicates that Dr. Pock authored his summary reports in reliance on the special dispensation of the Fact Sheet or that he otherwise was unwilling or

---

[4] Dr. Pock's statement that plaintiff is "disabled" goes to an issue reserved to the Commissioner, and thus is entitled to no particular weight in and of itself. 20 C.F.R. § 404.1527(d)(1).

[5] The stated purpose of this provision is to accommodate the privacy concerns sought to be protected by the Health Insurance Portability and Accountability Act ("HIPPA").

7

unable to provide his underlying treatment notes.  *See Romero v. Colvin*, 2015 WL 3542783 at *8 (D. Colo. June 5, 2015).

More importantly, nothing in either the Fact Sheet or Dr. Pock's summary reports undermines the ALJ's finding that plaintiff's limited and sporadic mental health treatment and his apparent unwillingness to continue regular treatment (despite early evidence that it was helping) suggested that his mental impairments were not severe.[6]  As the ALJ noted (Tr. 29), not only did plaintiff not list any mental health condition among the myriad impairments he claimed limited his ability to work in either his initial Disability Report (completed almost a year after he allegedly became disabled (Tr. 266)), or his administrative appeal (Tr. 289), he also sought no treatment for his alleged mental condition until late 2011, when his attorney referred him to Dr. Pock (Tr. 29-30, 348).  In addition, after an initial series of sessions with Dr. Pock, plaintiff visited him only twice more in the following nine months.  (*See* Tr. 30-31.)  The ALJ properly noted that such sporadic treatment is inconsistent with a conclusion that plaintiff's mental impairments were disabling.[7]  (Tr. 32.)  *See Romero*, 2015 WL 3542783 at *8.

Relatedly, plaintiff argues the ALJ failed to consider the combined effect of all his impairments, severe and non-severe, in assessing his residual functional capacity.  *See*

---

[6] Plaintiff suggests that the spotty nature of his mental health treatment is attributable to cultural reasons.  Nothing in the record supports this assertion, and the post-decision hearing notes to which plaintiff cites suggest only that he stopped seeing Dr. Pock for financial reasons.  (*See* Tr. 43.)

[7] Plaintiff's suggestion that the ALJ improperly cited Dr. Pock's failure to specify any work-related mental limitations and was required to recontact Dr. Pock for clarification or expatiation misunderstands the ALJ's responsibility to develop the record.  The duty to recontact a medical source is triggered only when the ALJ is unable to reach a conclusion regarding disability based on the evidence before him, not merely because he rejects such opinion.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001).

**Social Security Ruling 85-28**, 1985 WL 56856 at *1-2 (SSA 1985). The record is to the contrary. After reviewing and analyzing all evidence related to plaintiff's mental impairments, the ALJ expressly concluded that plaintiff's mental impairments did not warrant any further decrease in his residual functional capacity. (Tr. 32.) Lower tribunals are taken at their word when they say they have considered a matter, **Hackett v. Barnhart**, 395 F.3d 1168, 1173 (10th Cir. 2005), and nothing in the record suggests that such deference is unwarranted here. Plaintiff's mere disagreement with the ALJ's conclusion provides no basis for this court to reweigh the evidence in the manner he implicitly requests, *see Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). *See also Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988) (conflicts in the evidence are for the ALJ to resolve).[8]

Plaintiff further faults the ALJ for discrediting his reports regarding his own limitations.[9] In general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). Although not all the reasons cited by the ALJ for his assessment of plaintiff's credibility are equally persuasive, his ultimate determination is well supported by the record. Among the specific, legitimate factors cited by the ALJ

---

[8] The ALJ also expressly considered plaintiff's mental impairments in the context of each of the four areas of work-related mental functioning measured by the four "paragraph B" criteria. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00C (Tr. 32). His finding that plaintiff had no more than mild restrictions in any of these areas did not obligate him to include any particular mental limitations in his residual functional capacity determination. *See Beasley v. Colvin*, 520 Fed. Appx. 748, 754 (10th Cir. April 10, 2013).

[9] The ALJ's assessment of plaintiff's subjective complaints focused almost exclusively on his alleged physical impairments.

were (1) plaintiff's inconsistent work history prior to his work as an interpreter, **see Bean v. Chater**, 77 F.3d 1210, 1213 (10th Cir. 1995); (2) plaintiff's request to be returned to work without restrictions during the period of his alleged disability, **see** 20 C.F.R. § 404.1520(b); (3) plaintiff's limited treatment history, **see Huston v. Bowen**, 838 F.2d 1125, 1132 (10th Cir. 1988); (4) the lack of objective medical evidence supporting the degree of limitation alleged, **see Luna v. Bowen**, 834 F.2d 161, 165 (10th Cir. 1987); (5) plaintiff's receipt of unemployment benefits, **see Moses v. Astrue**, 2012 WL 1326672 at *3 (D. Colo. April 17, 2012);[10] and (6) evidence supporting an inference that plaintiff exaggerated his symptoms,[11] **see Frey**, 816 F.2d at 517. (**See** Tr. 27, 34-37.) As all these reasons are legitimate and find specific support in the record, I afford the ALJ's credibility findings the substantial deference they are due. **White**, 287 F.3d at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000).

Finally, plaintiff directs the court to new evidence which he claims warrants reversal. In general, evidence that was not before the ALJ need not be considered unless it is new, material, and relates to the period if time on or before the ALJ's decision. **See** 20 C.F.R. § 404.1570(b); **Chambers v. Barnhart**, 389 F.3d 1139, 1142

---

[10] Although plaintiff refers to an opinion letter from the agency's chief ALJ confirming that the receipt of unemployment benefits is not a *per se* bar to the receipt of social security disability benefits, that same missive affirms that the ALJ is not precluded from considering that factor as one among many, either. (**See Plf. Reply App.**, Exh. 1.) That same principle has been recognized in this district as well. **See Moses**, 2012 WL 1326672 at *3 ("[I]n order to receive unemployment benefits, plaintiff was required to affirm that he was willing and able to work. Such affirmations are inconsistent with claims of disability and thus negatively impact a claimant's credibility.") (internal citation omitted).

[11] Specifically, the ALJ noted that during a January 2013 chiropractic visit, plaintiff checked every symptom listed on the intake form. (Tr. 37, 378.) The examination performed that day, however, was largely unremarkable, with plaintiff appearing in no apparent distress and having normal range of motion throughout the spine. (**See** Tr. 379.)

(10th Cir. 2004). All the evidence on which plaintiff here relies fails to satisfy at least one of these elements.

For example, the Appeals Council declined to consider mental health treatment notes from the Aurora Mental Health Center (Tr. 39-77) because they concerned treatment plaintiff received after the date of the ALJ's decision (Tr. 2). Although records which post-date the disability decision nevertheless should be considered if they "relate back" to the time period of the decision and "provide[] additional insight into impairments the claimant suffered while the ALJ was reviewing his case," **Hamm v. Colvin**, 2015 WL 225408 at * 5 (W.D. Va. Jan. 16, 2015), the records presented here merely recount the same historical triggers and symptoms plaintiff reported to Dr. Pock. They do not undermine, however, the ALJ's conclusion that plaintiff's failure to seek more consistent and aggressive treatment during the relevant time period warranted a conclusion that his alleged mental impairments were not disabling during the period of time the ALJ considered.

Plaintiff also argues that a transcript of a deposition of Dr. Pock submitted to the Appeals Council warrants remand. (**See** Tr. 383-399.)[12] Although plaintiff argues that Dr. Pock's deposition testimony "provides the additional explanations in support of Dr. Pock's opinion that the ALJ found lacking" (**Reply Br.** at 21), he fails to substantiate that assertion in any particular. This court is neither required nor inclined to scour the record in search of evidence to support a party's arguments, and declines plaintiff's implicit

---

[12] Contrary to plaintiff's suggestion, the Appeals Council did not find this evidence material. (**See** Tr. 2 ("We found that this information does not provide a basis for changing the Administrative Law Judge's decision.").) **See Chambers**, 389 F.3d at 1144 (evidence is material only if there is a "reasonable possibility that [the evidence] would have changed the outcome") (citation and internal quotation marks omitted; alteration in original).

invitation to do so here.  *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); *Buhendwa v. University of Colorado at Boulder*, 2005 WL 2141581 at *3 (D. Colo. Aug. 22, 2005), *aff'd*, 214 Fed. Appx. 823 (10th Cir. 2007).

Nor does a Department of Labor ("DOL") decision awarding plaintiff workers compensation benefits undermine the validity of the ALJ's determination as to plaintiff's claim for social security disability benefits.  (*See* **Compl.**, Exh. 1 [#1-1], filed June 11, 2014.)  Assuming *arguendo* that plaintiff has shown good cause for his failure to submit the evidence to the Appeal Council for its consideration, *see* 42 U.S.C. § 405(g) (sentence six), that decision would not have been binding on the ALJ had it been presented to him for consideration, *see Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005).  The decision merely shows that a different agency, operating under a different statute and set of regulations, came to a different conclusion from that reached here.  The mere fact that there may be two permissible views of the evidence, however, is not indicative that the ALJ's choice between them was in error.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated August 26, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge